# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50892
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO RODRIGUEZ-BERBAL,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-911-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Ricardo Rodriguez-Berbal challenges the substantive reasonableness of his within-guidelines sentence of 41 months of imprisonment for illegal reentry. *See* 8 U.S.C. § 1326. Where, as here, the district court imposes a sentence within a properly calculated guidelines range, we apply a rebuttable presumption of reasonableness. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). Although he wishes to preserve the issue of the proper

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standard of review, Rodriguez-Berbal correctly concedes that we will review his sentence only for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007).

As an initial matter, Rodriguez-Berbal argues that U.S.S.G. § 2L1.2 lacks an empirical basis, relies on criminal history to set offense levels, and fails to account for the fact that he has no prior illegal reentry convictions. We have repeatedly rejected similar challenges. *See United States v. Duarte,* 569 F.3d 528, 529 (5th Cir. 2009); *United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009). Rodriguez-Berbal also notes that a revision of § 2L1.2 is expected to take effect November 1, 2016, and that, under the amended guideline, his recommended sentencing range would be much lower. However, he has not shown that the district court relied on an incorrect version of the Guidelines. *See United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999); U.S.S.G. § 1B1.11(a).

Rodriguez-Berbal argues that his sentence is greater than necessary to provide deterrence and to reflect his personal history and characteristics. At sentencing, the district court stated that it had considered the Guidelines, the § 3553(a) factors, the allocution of the parties, and the pre-sentence report. His repetition of arguments that the district court already considered amounts to a disagreement with his sentence, which fails to rebut the presumption of reasonableness. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Gomez-Herrera,* 523 F.3d 554, 565-66 (5th Cir. 2008).

In sum, Rodriguez-Berbal has not rebutted the presumption of reasonableness attached to his within-guidelines range sentence. *See Cooks,* 589 F.3d at 186. Therefore, he has not shown that the district court plainly erred. *See Peltier,* 505 F.3d at 391-92.

AFFIRMED.